IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVENS TRANSPORT, INC., § | | |
| STEVENS TRANSPORT CD, INC., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | Civil Action No. 3-21-cv-1754 |
| v. § | | |
| § | | |
| SHAWN HALL, § | | |
| § | | |
| Defendant. § | | |

**ORIGINAL COMPLAINT AND MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiffs Stevens Transport, Inc. and Stevens Transport CD, Inc. ("Plaintiffs") file this Original Complaint and Motion to Confirm Arbitration Award, dated July 22, 2021, issued by the arbitrator, Hon. Stephen B. Ables, in the matter of *Shawn Hall v. Stevens Transp., Inc. et al.*, before the Judicial Workforce Arbitrations (the "JWA"), bearing JWA Ref. No. 3165-A 2020 (the "*Hall* Arbitration"). In support thereof, Plaintiffs respectfully state as follows:

**I.
PARTIES**

1. Plaintiffs are and were at all times relevant Texas corporations with their corporate headquarters located in Dallas, Texas. Plaintiffs are therefore citizens of Texas.

2. Defendant Shawn Hall ("Defendant") is a natural person and, during all times herein mentioned, a resident of Pueblo, Colorado and may be served at 40 Castle Royal, Pueblo, CO 81005. Defendant is therefore a citizen of Colorado.

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. The parties' Mutual Agreement to Arbitrate Claims states that the *Hall* Arbitration shall take place in Dallas, Texas, or at any other location mutually agreed upon by the parties. The parties did not agree on a location other than Dallas, Texas. The hearing on Plaintiffs' Motion for Judgment on the Pleadings—which gave rise to the arbitration award Plaintiffs now seek to confirm—was held remotely via Zoom.

## III.
## SUPPORTING FACTS AND EVIDENCE

3. Plaintiff Stevens Transport, Inc. employed Defendant as a truck driver from approximately September 2012 to October 2016.

4. In association with his employment, Defendant and Plaintiff Stevens Transport, Inc. signed a Mutual Agreement to Arbitrate Claims, whereby the parties agreed to "the resolution by arbitration of all claims or controversies, whether or not arising out of [Defendant's] employment (or its termination), that the Company may have against [Defendant] or that [Defendant] may have against the Company . . . ." (the "Arbitration Agreement"). A copy of the Arbitration Agreement signed by the parties is attached hereto as **Exhibit A**.

5. On or about June 18, 2020, Defendant initiated arbitration by submitting a Demand for Arbitration to the JWA, alleging California wage claims under the California Labor Code and

California's Industrial Welfare Commission Wage Order No. 9. A copy of the Demand for Arbitration is attached hereto as **Exhibit B**.

6. On or about April 26, 2021, Plaintiffs submitted a Motion for Judgment on the Pleadings, seeking dismissal of all of the Defendant's claims for failure to meet his pleading burden based on his lack of standing to bring claims under California law. A copy of Plaintiffs' Motion for Judgment on the Pleadings and their Request for Judicial Notice in support thereof is attached hereto as **Exhibit C**.

7. Defendant did not submit an opposition to Plaintiffs' Motion for Judgment on the Pleadings, instead requesting that the Arbitrator permit Defendant to dismiss his claims without prejudice, which request the Arbitrator denied. A copy of Plaintiffs' Notice of Claimant's Non-Filing is attached hereto as **Exhibit D.**

8. On or about June 15, 2021, Arbitrator Ables held a hearing on Plaintiffs' Motion for Judgment on Pleadings, during which the parties argued the merits of the motion. The hearing was conducted jointly with Plaintiffs' identical fully-briefed motions for judgment on the pleadings in two other arbitrations involving the same causes of action at issue in the *Hall* Arbitration. Defendant's counsel also represented the other two claimants and the arguments asserted in the other two claimants' oppositions to Plaintiffs' motions for judgment on the pleadings were asserted by Defendant against Plaintiffs during the hearing.

9. On or about July 22, 2021, Arbitrator Ables issued a reasoned written Order granting Plaintiffs' Motion for Judgment on the Pleadings (the "Arbitration Award"). In the Arbitration Award, Arbitrator Ables dismissed with prejudice all claims asserted by Defendant, finding that Defendant does not have standing to pursue claims under California law. A copy of

the Arbitration Award is attached hereto as **Exhibit E**. Thus, the Arbitration Award disposed of the *Hall* Arbitration in its entirety:

> For these reasons, Respondents' Motion for Judgment on the Pleadings will be granted in its entirety which resolves all claims brought by Claimant in this Arbitration. Claimant's Demand for Arbitration is therefore dismissed without leave to amend.

*See* **Exhibit E**.

10. Plaintiffs now submit the instant Original Complaint and Motion to Confirm the Arbitration Award as the *Hall* Arbitration has been fully resolved by the Arbitration Award issued by Arbitrator Ables in Plaintiffs' favor.

## IV.
## CONFIRMATION OF ARBITRATION AWARD

11. On the motion or application for confirmation of an arbitration award rendered in the State of Texas, the Trial Court shall confirm the award. Tex. Civ. Prac. & Rem. Code § 171.087.[1] On granting an order confirming the award, the Court shall enter a judgment or decree conforming to the order, and that judgment or decree is an enforceable final judgment. Tex. Civ. Prac. & Rem. Code § 171.092. The party seeking confirmation of the award is entitled to costs and fees incurred in the confirmation process. *Id*. § 171.092(b).

12. Pursuant to Texas Civil Practice & Remedies Code § 171.087, "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, ***shall confirm*** the award." Tex. Civ. Prac. & Rem. § 171.087 (emphasis added). "The statutory text could not be plainer: the trial court 'shall confirm' an award unless vacatur is required under one of the enumerated grounds in section 171.088." *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). Courts thus routinely confirm arbitration awards

---

[1] The Texas General Arbitration Act ("TAA") applies rather than the Federal Arbitration Act ("FAA") because Defendant is an interstate truck driver who qualifies for the FAA's transportation worker exemption.

because "the TAA expressly provides limited grounds for vacatur." *Into the Sunset Revocable Living Tr. v. Design Tech Homes LP*, 05-18-01272-CV, 2020 WL 1969505, at *2 (Tex. App.—Dallas Apr. 24, 2020, no pet.); *see also DeAnder & Felhaber, LP v. Montgomery*, 615 S.W.3d 352, 356 (Tex. App.—El Paso 2020, pet. denied) ("a court may vacate or modify an arbitration award *only* if the party challenging the award demonstrates a ground specifically enumerated in the statute" (emphasis in original)).

13. Accordingly, the Court must confirm the Arbitration Award unless one of the following circumstances exists:

   (1) the award was obtained by corruption, fraud, or other undue means;
   (2) the rights of a party were prejudiced by:
       (A) evident partiality by an arbitrator appointed as a neutral arbitrator;
       (B) corruption in an arbitrator; or
       (C) misconduct or wilful misbehavior of an arbitrator;
   (3) the arbitrators:
       (A) exceeded their powers;
       (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;
       (C) refused to hear evidence material to the controversy; or
       (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or
   (4) there was no agreement to arbitrate

Texas Civ. Prac. & Rem. Code § 171.088.

14. None of the limited grounds for vacatur exists here. The parties jointly submitted to arbitration before the JWA. Arbitrator Ables held a lengthy hearing on the Motion for Judgment on the Pleadings, allowing both sides to present fully all arguments. Arbitrator Ables acted within his authority under the Arbitration Agreement, and he determined as a matter of law that Defendant's claims should be dismissed. Defendant may disagree with Arbitrator Ables'

application of the law, but that is not a basis to vacate the Arbitration Award; indeed, even "manifest disregard" for the law is not grounds for vacatur.[2] *Hoskins*, 497 S.W.3d at 496.

15. Pursuant to the foregoing provisions of the Texas statute, Plaintiffs request the Court enter an order confirming the Arbitration Award and entering a judgment in favor of Plaintiffs against Defendant in accordance with the Arbitration Award. In addition, pursuant to Texas Civil Practice & Remedies Code § 171.092, Plaintiffs request the Court award Plaintiffs their reasonable and necessary attorneys' fees and costs incurred in connection with the confirmation of the Arbitration Award and the entry of judgment.

## V.
## REQUESTED RELIEF

16. For the foregoing reasons, Plaintiffs request that Defendant be cited to appear and answer herein and that upon hearing the Court enter a judgment:

    a.    Confirming the Arbitration Award;

    b.    Granting Plaintiffs recovery of all costs and fees incurred in pursuing this confirmation and entry of judgment; and

    c.    Such other and further relief, both at law and in equity, to which Plaintiffs may be entitled.

DATED:    July 28, 2021

---

[2] Even if improper application of relevant law *were* a basis to vacate an arbitration award, the Court should still confirm the Arbitration Award in this case. For all the reasons articulated in Plaintiffs' Motion for Judgment on the Pleadings, Arbitrator Ables correctly interpreted and applied the relevant law in dismissing Defendant's claims.

Respectfully submitted,

*/s/* *Gavin S. Martinson*
Gavin S. Martinson
Texas State Bar No. 24060231
gavin.martinson@ogletreedeakins.com
Matthew P. Gizzo
Texas State Bar No. 24117188
matthew.gizzo@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225-4324
Telephone: 214-987-3800
Facsimile:  214-987-3927

AND

Brian Davis Berry (CA Bar No. 229893)
*Pro Hac Vice Application Forthcoming*
brian.berry@ogletree.com
Jared L. Palmer (CA Bar No. 287974)
*Pro Hac Vice Application Forthcoming*
Jared.palmer@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Steuart Tower, Suite 1300 One Market Plaza
San Francisco, CA 94105
Telephone: 415-442-4810
Facsimile:  415-442-4870
**ATTORNEYS FOR PLAINTIFFS**

47971390.1S.